USDC SCAN INDEX SHEET











JESSEN

FOLLETT COLLEGE

RCM    6/18/97    13:28
3:97-CV-01154
*1*
*NTCREM.*

1    TERRI L. MASSERMAN, ESQ. (SBN 147815)
     ROBERT A. MORGENSTERN, ESQ. (SBN 94180)
2    GARCIA, EMMONS, MARANGA & MORGENSTERN
     A Professional Law Corporation
3    15260 Ventura Boulevard, Suite 1700
     Sherman Oaks, California 91403-5327
4    (818) 380-0008; (818) 380-0028 Fax

5    Attorneys for Defendant,
     FOLLETT COLLEGE STORES CORPORATION
6

**FILED**

**JUN 17 1997**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

7

8            UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10                       **'97 CV 1154 IEG (CGA)**

11    KATHLEEN T. JESSEN        )    CASE NO. _____

12            Plaintiff,     )    NOTICE OF REMOVAL
                        )    OF CIVIL ACTION
13      v.                   )
                        )    (DIVERSITY OF CITIZENSHIP)
14    FOLLETT COLLEGE STORES    )
     CORPORATION, an Illinois    )    [28 U.S. Code Section 1441(a)]
15    corporation, and DOES 1     )
     through 25, inclusive,     )
16                         )
           Defendants.    )
17    _____ )

18    TO PLAINTIFF AND TO HER ATTORNEYS OF RECORD:

19

20       Defendant FOLLETT COLLEGE STORES CORPORATION (hereinafter

21    "FOLLETT") hereby serves notice of its removal of the above-

22    entitled action to the United States District Court for the

23    Southern District of California from the San Diego County Superior

24    Court, State of California, and respectfully avers:

25

26    ///

27    ///

28

                                  1

1                    **PLEADINGS AND PROCEEDINGS TO DATE**

2          1.    On or about February 26, 1997, an action was commenced

3     against Defendant in the San Diego County Superior Court, State of

4     California, entitled <u>Kathleen T. Jessen, Plaintiff v. Follett</u>

5     <u>College Stores Corporation, an Illinois Corporation; Paul</u>

6     <u>Schmalhoefer, an individual; Christine Rance, an individual; Peter</u>

7     <u>Lochtefeld, an individual; and DOES 1 through 25, inclusive</u>, under

8     Case No.: 00708379 by the filing of a Summons and Complaint, a copy

9     of which is attached hereto marked Exhibit "A".

10

11         2.    On March 4, 1997, a copy of the Summons and Complaint was

12    first served upon Defendant FOLLETT. Defendant FOLLETT is informed

13    and believes that there has been no service of process upon DOES 1

14    through 25.

15

16         3.    On May 2, 1997, in the San Diego Superior Court, the

17    Honorable Herbert B. Hoffman, Judge presiding in Department 37,

18    sustained Defendant's Demurrer as to each of the individual

19    Defendants pursuant to California <u>Code of Civil Procedure</u>

20    §430.10(e) based on California case authority set forth in <u>Jankin</u>

21    <u>v. G. M. Hughes Electronics</u> 46 Cal.App.4th 55; 53 Cal.Rptr.2d 741.

22

23

24         4.    On May 19, 1997 a copy of plaintiff's First Amended

25    Complaint for Damages against FOLLETT COLLEGE STORES CORPORATION,

26    an Illinois Corporation, and DOES 1 through 25, inclusive was

27    received by Defendant FOLLETT, a copy of which is attached hereto

28

2

1   marked Exhibit "B".

2

3       5.   On May 30, 1997, Defendant FOLLETT filed and served its

4   Answer to Plaintiff's First Amended Complaint, a copy of which is

5   attached hereto marked Exhibit "C".

6

7       6.   On June 16, 1997, Defendant FOLLETT filed and served a

8   Notice of Removal to United States District Court, a copy of which

9   is attached hereto marked Exhibit "D".

10

11      7.   The  foregoing  Summons  and  Complaint,  First  Amended

12  Complaint, Answer to First Amended Complaint, and Notices attached

13  hereto as Exhibits "A" through "D" constitute all the process,

14  pleadings and order served upon Defendant in the action to date.

15

16                        GROUNDS FOR REMOVAL

17      8.   This is a suit of a wholly civil nature brought in a

18  California Court.   The action is pending in San Diego County,

19  California and, accordingly, under 28 U.S. Code Section 84(c) and

20  1441(a), the United States District Court for the Central District

21  of California is the proper forum for the removal.

22

23              DIVERSITY OF CITIZENSHIP JURISDICTION

24      9.   Defendant FOLLETT is informed and believes that Plaintiff

25  KATHLEEN T. JESSEN is, and at all times relevant was, a resident of

26  San Diego County, California and is, therefore, a citizen of

27  California.   Defendant FOLLETT is, and all times relevant was, a

28

                              3

1  corporation duly organized and existing under the laws of the State
2  of Illinois with its principal place of business located in the
3  City of River Grove, Illinois and is, therefore, a citizen of
4  Illinois.  Defendant is also informed and believes that additional
5  Defendants, DOES 1 through 25, have not been served with Summons
6  and Complaint and have not appeared in the action.   Defendant
7  FOLLETT is informed and believes the amount in controversy exceeds
8  $50,000.00 exclusive of interest and costs.  Accordingly, Defendant
9  FOLLETT is informed and believes that there is proper jurisdiction
10  based upon diversity of citizenship pursuant to Title 28 U.S. Code
11  Section 1441(a).

13      WHEREFORE, Defendant prays that the above action now pending
14  in the San Diego County Superior Court, State of California, Case
15  No. 00708379, be removed from that Court to the United States
16  District Court.

18  DATED:   June 16, 1997          GARCIA, EMMONS, MARANGA & MORGENSTERN
19                                  A Professional Law Corporation

20                                  By _____
21                                     TERRI L. MASSERMAN
22                                     Attorneys for Defendant,
                                       FOLLETT COLLEGE STORES CORPORATION

4

JUN-16-1997  13:47          RCIA,EMMONS & MARANGA              818 380 0028    P.17/69

**EXHIBIT A**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** *(Aviso a Acusado)*
Follett College Stores Corporation, an Illinois

Corporation; Paul Schmalhoefer, an individual;
Christine Rance, an individual; Peter Lochtefeld,
an individual; and DOES 1 through 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(A Ud. le esta demandando)*
Kathleen T. Jessen

*TO: DENNIS McMAHAN*

*FROM: PETER LOCHTEFELD*

You have **30 CALENDAR DAYS** after this summons is served on you to file a typewritten response at this court.

A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case.

If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

*Después de que le tiene un plazo de a una respuesta esc*

*Una carta o una protección; su res cumplir con las for quiere que la carte*

*Si usted no present. caso, y le puedan q de su propiedad sin aviso adicional por parte de la corte.*

*Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico).*

The name and address of the court is: *(El nombre y dirección de la corte es)*

**CASE NUMBER** *(Número del Caso)*
**00708379**

Superior Court of State of California
San Diego Judicial District
330 West Broadway
San Diego, California 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Patrick F. O'Connor, Esq.          (619) 463-4284

5464 Grossmont Center Dr., Third Floor
La Mesa, California 91942

**KENNETH E. MARTONE**
Clerk of the Superior Court
San Diego County, CA

DATE:
*(Fecha)*  FEB 26 1997

Clerk, by _____ Deputy
*(Actuario)*   DIANNAH SMITH  *(Delegado)*

[SEAL]

NOTICE TO THE PERSON SERVED:   You are served
1. [X]  as an individual defendant.
2. [ ]  as the person sued under the fictitious name of *(specify)*:
3. [ ]  on behalf of *(specify)*:
   under:  [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (individual)
           [ ] other:
4. [X]  by personal delivery on (date): 3/4  / 91

Form Adopted by Rule 982
Judicial Council of California

*(See reverse for Proof of Service)*          Jessen

MAR 15 '97  10:52AM LIBERTY MUTUAL INSOR IL INS   CCP 412.20

1  PATRICK F. O'CONNOR, (State Bar No. 057923)
2  5464 Grossmont Center Drive, Third Floor
   La Mesa, California 91942
3  (619) 463-4284

4  Attorney for Plaintiff
   Kathleen T. Jessen



FEB 26 1997

6

7            SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              FOR THE COUNTY OF SAN DIEGO

9  KATHLEEN T. JESSEN          )   CASE NO.    00708379
                               )
10    Plaintiff,               )   COMPLAINT FOR DAMAGES BASED
                               )   UPON:
11                             )
                               )
12    v.                       )   1.   BREACH OF CONTRACT
                               )   2.   BREACH OF IMPLIED
13 FOLLETT COLLEGE STORES      )        COVENANT OF GOOD FAITH
   CORPORATION, an Illinois    )        AND FAIR DEALING;
14 Corporation, PAUL SCHMALHOEFER, )  3.   SEX DISCRIMINATION —
   an individual; CHRISTINE RANCE, )      GENDER
15 an individual; PETER        )        [Gov. Code § 12940(a)]
   LOCHTEFELD, an individual; and )  4.   AGE DISCRIMINATION
16 DOES 1 through 25, inclusive, )        [Gov. Code §12941(a)]
                               )   5.   INTENTIONAL INFLICTION
17    Defendants.              )        OF EMOTIONAL DISTRESS;
                               )   6.   NEGLIGENT INFLICTION OF
18                             )        EMOTIONAL DISTRESS
                               )
19                             )   JURY TRIAL DEMANDED

20      Plaintiff KATHLEEN T. JESSEN ("PLAINTIFF" or "JESSEN") alleges

21 as follows:

22            FACTS COMMON TO ALL CAUSES OF ACTION

23      1.   Plaintiff is and at all relevant times has been a resident

24 of the County of San Diego, California.  At the time of the filing

25 of this lawsuit, plaintiff had been employed as Textbook Manager at

26 the National University branch of Follett College Stores Corporation

27 in San Diego County, California.

28 ////

2.  Plaintiff is informed and believes and on that basis alleges that defendant Follett College Stores Corporation, an Illinois corporation, (hereinafter referred to as "FOLLETT") is qualified to do business in the State of California, and is doing business in the County of San Diego at various locations.

3.  Plaintiff is informed and believes and on that basis alleges that defendant Paul Schmalhoefer ("SCHMALHOEFER"), an individual is and at all relevant times was an individual and the Zone Manager for FOLLETT.

4.  Plaintiff is informed and believes and on that basis alleges that defendant Christine Rance ("RANCE"), an individual, is and at all relevant times was an individual and the Regional Manager of FOLLETT.

5.  Plaintiff is informed and believes and on that basis alleges that defendant Peter LOCHTEFELD ("LOCHTEFELD"), an individual, is and at all relevant times was an individual and the General Manager of the National University Bookstores, San Diego County, and is residing in San Diego County, California.

6.  The true names and capacities of the defendants named in this Complaint as DOES 1 through 25, inclusive, whether individual, corporate, associate or otherwise, are unknown to plaintiff who therefore sues such defendants by said fictitious names pursuant to California Code of Civil Procedure §474.  Plaintiff will amend this complaint to allege such true names and capacities when the same have been ascertained.  Plaintiff is informed and believes and on that basis alleges that each of the fictitiously named defendants is in some manner responsible to plaintiff based on the facts alleged in this Complaint.

7.    Plaintiff is informed and believes and on that basis

alleges that at all relevant times, each of the defendants was the

agent, employee, representative or supervisor of the remaining

defendants and acted at least in part within the course and scope of

such relationship.

8.    The employment contract upon which plaintiff sues was made

in the County of San Diego, State of California, and was to be

performed in the County of San Diego, California.

### FIRST CAUSE OF ACTION

(Breach of Contract)

9.    The allegations of paragraphs 1 through 8, inclusive, are

incorporated by reference and realleged as though set forth in full.

10.   Plaintiff was originally hired in 1975 by National

University, San Diego, California, to manage its bookstores

statewide.  Plaintiff continued in this employment until 1988 when

defendant FOLLETT leased the store.  From 1988 to 1995, plaintiff

was the Manager of the National University Bookstore in San Diego.

11.   In 1995 defendants FOLLETT, SCHMALHOEFER, LOCHTEFELD, and

DOES 1 through 25, inclusive, asked plaintiff to manage all of the

bookstores of National University statewide.  This she did until

July 1, 1996, when she was replaced by LOCHTEFELD, a forty-one year

old male.  His position as regional manager was filled by RANCE, a

29 year old female.

12.   In terms of length of employment, defendants FOLLETT, and

DOES 1 through 25, inclusive, consider her to be a twenty-one year

employee of FOLLETT.

13.   In 1995, when FOLLETT's contract with National University

was coming to an end, the Vice President of Finance for National

3

JUN-16-1997 13:50 GARCIA, EMMONS & MARANGA 818 380 0028 P.22/69
MAR-04-97 TUE 11:49 34 NATIONAL UNIV S.D. J4758   P.67

1   University told plaintiff it was up to her to choose the company

2   that would run the National University bookstores.   Plaintiff, by

3   this time a twenty-year employee of FOLLETT, selected FOLLETT.

4          14.   During the entire course of plaintiff's employment, there

5   existed both an express and an implied in fact employment contract

6   between plaintiff and defendants which, at the time this lawsuit was

7   filed, included, without limitation, the following terms and

8   conditions:

9          a.   plaintiff would be able to continue her employment

10  with defendants FOLLETT, SCHMALHOEFER, RANCE, and LOCHTEFELD, and

11  DOES 1 through 25, indefinitely so long as she carried out her

12  duties in a proper and competent manner;

13         b.   plaintiff would not be demoted, discharged or

14  otherwise disciplined nor would plaintiff's job functions be

15  reassigned for other than good cause with notice thereof;

16         c.   defendants FOLLETT, SCHMALHOEFER, RANCE, and

17  LOCHTEFELD, and DOES 1 through 25, inclusive, would not evaluate

18  plaintiff's performance in an arbitrary, untrue or capricious

19  manner;

20         d.   plaintiff would not be subjected to gender

21  discrimination;

22         e.   plaintiff would not be subjected to age

23  discrimination;

24         f.   plaintiff would not be subjected to actions or

25  conduct designed to humiliate her, criticize her, contrive a

26  disciplinary termination, and/or attempt to force her to resign.

27         15.   This employment contract was evidenced by various

28  documents and by oral representations to plaintiff by defendants

4

JUN-16-1997 13:50 ARCIA, EMMONS & MARANGA 818 380 0028 P.23/69

1  FOLLETT, SCHMALHOEFER, RANCE, and LOCHTEFELD, and DOES 1 through 25,

2  inclusive, and the parties' entire course of conduct including,

3  without limitation, the following:

4          a.  that in 1988, when FOLLETT took over management of the

5  National University bookstore, plaintiff was made Manager of the San

6  Diego Bookstore;

7          b.   that in 1995 plaintiff was asked to and did manage

8  all of the California National University bookstores and was

9  promoted to Regional Manager;

10         c.   that plaintiff received commendations for sales and

11 for her work;

12         d.   that plaintiff was given a bonus of  $16,000 in 1996;

13 and,

14         e.   that plaintiff was given a raise.

15     16.  Plaintiff's reliance on and belief in and acceptance in

16 good faith of all the assurances, promises and representations as

17 listed in paragraph 15 above led plaintiff throughout her employment

18 with defendants FOLLETT, SCHMALHOEFER, RANCE, and LOCHTEFELD, and

19 DOES 1 through 25, inclusive, to reasonably believe that her

20 employment was secure and that there consequently existed a contract

21 of continuous employment with FOLLETT, and DOES 1 through 25,

22 inclusive.

23     17.  Plaintiff duly performed all the conditions of the

24 contract to be performed by her.  Plaintiff has at all times been

25 ready, willing and able to perform and has offered to perform all

26 the conditions of this contract to be performed by her.

27     18.  Despite the representations made to plaintiff and the

28 reliance she placed on them, defendants FOLLETT, SCHMALHOEFER,

MAR 10 '97 04:57PM LIBERTY MUTUAL ITASCA IL.

1 RANCE, and LOCHTEFELD, and DOES 1 through 25, inclusive, failed to

2 carry out their responsibilities under the terms of the employment

3 contract in the following ways:

4     a. by wrongfully demoting plaintiff on or about July 1,

5 1996, in spite of satisfactory job performance;

6     b. by wrongfully reducing her wages from $20.94 an hour

7 to $15.67 an hour, a deduction of $421.60 per pay period;

8     c. by depriving her of the opportunity to earn the store

9 manager bonus;

10     d. by subjecting plaintiff to sex discrimination as

11 hereafter described; and

12     e. by subjecting plaintiff to age discrimination as

13 hereinafter described.

14  19. As a proximate result of the breach by defendants FOLLETT,

15 SCHMALHOEFER, RANCE, and LOCHTEFELD, and DOES 1 through 25,

16 inclusive, of the employment contract, plaintiff has suffered and

17 continues to suffer substantial losses in earnings, bonuses,

18 deferred compensation and other employment benefits which she would

19 have received had defendants FOLLETT, SCHMALHOEFER, RANCE, and

20 LOCHTEFELD, and DOES 1 through 25, inclusive, not breached said

21 agreement, all to her damage in an amount according to proof.

22  WHEREFORE, Plaintiff requests relief as hereinafter provided.

23      SECOND CAUSE OF ACTION

24     (Breach of the Implied Covenant of
      Good Faith and Fair Dealing)

25

26  20. The allegations of paragraphs 1 through 8 and paragraphs

  10 through 19, inclusive, are incorporated by reference and

27

  realleged as though set forth in full.

28

6

1    21.   Implied in every employment agreement is a covenant known

2    as the covenant of good faith and fair dealing, by which the

3    employer promises to deal with an employee fairly and in good faith,

4    that is, to allow the employee to perform her employment obligations

5    to her ability and to enjoy the fruits of her labor. By this

6    covenant, the employer impliedly promises to not engage in, or allow

7    others to engage in, conduct so as to prevent the employee from

8    performing her obligations.  By this covenant, the employer also

9    promises to treat the employee fairly and to not make decisions

10   adverse to her based on her sex, or her age, or in an otherwise

11   arbitrary or capricious manner.

12   22.   On or about and between July 1, 1996, and the present,

13   defendants FOLLETT, SCHMALHOEFER, RANCE, and LOCHTEFELD, and DOES 1

14   through 25, inclusive, and each of them, breached this covenant of

15   good faith and fair dealing by engaging in and allowing to take

16   place the actions described in previous and subsequent paragraphs of

17   this complaint.

18   23.   As a direct, foreseeable and proximate result of

19   defendants' breach of the implied covenant of good faith and fair

20   dealing, plaintiff has suffered and continues to suffer substantial

21   losses in earnings and job benefits, and has suffered and continues

22   to suffer humiliation, embarrassment, mental and emotional distress,

23   and discomfort, all to her damage in an amount in excess of the

24   minimum jurisdiction of this court, the precise amount of which will

25   be proven at trial.

26   WHEREFORE, plaintiff requests relief as hereinafter provided.

27   ////

28   ////

7

## THIRD CAUSE OF ACTION

### (Sex Discrimination)

24.    The allegations of paragraphs 1 through 8, paragraphs 10 through 19, and paragraphs 21 through 23, inclusive, are incorporated by reference and realleged as though set forth in full.

25.    When first hired by defendants in 1988 plaintiff had thirteen (13) years experience managing the National University bookstores.  She was hired by defendants as a store manager and was later placed in charge of all National University bookstores as General Manger.

26.    During the period between 1988, and July of 1996, plaintiff fulfilled her responsibility as General Manager of all the bookstores.  In appreciation for her efforts, she was awarded salary increases, bonuses, and commendations in the company.

27.    As further evidence of her value to the business, in 1995 when defendants' contract with National University was ending she secured for FOLLETT a continuing contract.

28.    During the spring of 1996, LOCHTEFELD informed plaintiff that he had resigned his position as Regional Manager of FOLLETT because he was tired of the travelling.  In reality, he had received an unsatisfactory review from the Zone Manager SCHMALHOEFER.

29.    On or about July, 1996, LOCHTEFELD was placed in plaintiff's store. SCHMALHOEFER announced that LOCHTEFELD would manage all of the National University stores.  No mention was made of plaintiff in the announcement but SCHMALHOEFER then met with plaintiff and led her to believe that she would be managing the National University San Diego store.

30.    On September 10, 1996, plaintiff was informed by

8

JUN-16-1997  13:53          GARCIA,EMMONS & MARANGA                818 380 0028    P.27/69
MAR-04-97 TUE 11:52    4 NATIONAL UNIV S.D.   61    .47384          P.12

1    defendants FOLLETT, SCHMALHOEFER, RANCE, LOCHTEFELD, and DOES 1

2    through 25, and each of them, that she was demoted to Textbook

3    Manager.

4         31.  On October 3, 1996, plaintiff was informed that her salary

5    had been drastically cut.  She also learned that LOCHTEFELD's salary

6    had been rated so that he would be making nearer to what she had

7    earned, with bonus.  She also learned that with her unlawful

8    demotion she would no longer be eligible for the size bonus

9    ($16,000) she had just earned.

10        32.  Following her demotion she quickly received a "corrective

11   action" from LOCHTEFELD on October 11, 1996.  On November 8, 1996,

12   LOCHTEFELD again gave a "corrective action".  It was known to

13   plaintiff that three such written warnings meant she could be

14   terminated.

15        33.  When LOCHTEFELD moved into the store he took over

16   plaintiff's desk and went through her files and possessions.  He

17   further told her she was never again in line to become manager of

18   the store, even though he was to planning on leaving his post to

19   take a training position in 1997.

20        34.  To other employees LOCHTEFELD stated that he disapproved

21   of the action he was taking against plaintiff, that he did what he

22   was doing to plaintiff because his hands were tied, and that he felt

23   "like shit" about what he was doing to plaintiff.

24        35.  In 1988, after managing the National University store for

25   13 years, SCHMALHOEFER told plaintiff "It won't take me a year to

26   get rid of you."  He told another employee, "She's very pretty but

27   she is not suited to the position."

28        36.  Despite the fact that she was made General Manager of all

9

JUN-16-1997  13:54        GARCIA,EMMONS & MARANGA                     818 380 0028    P.28/69

MAR-04-97 TUE 11:55        :4 NATIONAL UNIV S.D.    61.   147384                    P.13

1    of the California National University bookstores in 1995, that she

2    received her best review ever in December of 1995, that she received

3    a 5% salary increase, and that she received a $16,000.00 bonus for

4    her work, she was demoted from General Manager of all of the

5    California bookstores to Textbook Manager in one store and replaced

6    by a younger male, LOCHTEFELD.

7          37.   Plaintiff alleges that at another San Diego FOLLETT store,

8    a young male was demoted from his store manager position to Textbook

9    Manager but did not receive a cut in salary.   LOCHTEFELD also was

10   demoted and did not take a salary cut.

11         38.   Plaintiff alleges that SCHMALHOEFER's daughter, in her

12   late 20's, was hired a year ago as Bookstore Manager at the

13   University of La Verne, and was then transferred to manage the

14   Irvine Valley College bookstore, received a 10% salary increase

15   which was 5% above official guidelines, and has a salary from four

16   to five thousand dollars a year higher than plaintiff.

17         39.   At all relevant times, Government Code §12940(a) was in

18   full force and effect and was binding upon defendants FOLLETT,

19   SCHMALHOEFER, RANCE, and LOCHTEFELD, and DOES 1 through 25,

20   inclusive, and each of them.   Said statute requires employers such

21   as defendants FOLLETT and DOES 1 through 25, inclusive, and

22   managers, supervisors and co-employees, among other things, to

23   refrain from discriminating against any employee on the basis of

24   gender.   Within the time provided by law, plaintiff made a complaint

25   to the California Department of Fair Employment and Housing.

26   Plaintiff has now received her right-to-sue letter from the DFEH, a

27   copy of which is attached hereto as Exhibit "A" and incorporated

28   herein by reference.

1      40.  At all times during her employ with defendants FOLLETT,

2   SCHMALHOEFER, RANCE, and LOCHTEFELD, and DOES 1 through 25,

3   inclusive, plaintiff performed her duties in an appropriate fashion.

4      41.  On or about and between the period of July, 1996, and the

5   present, plaintiff was the direct victim of sex discrimination as a

6   result of the previously described conduct, in violation of

7   Government Code §12940(a).

8      42.  As a direct, foreseeable and proximate result of

9   defendants' discriminatory acts, Plaintiff has suffered and

10  continues to suffer substantial losses in earnings and job benefits,

11  and has suffered and continues to suffer humiliation, embarrassment,

12  mental and emotional distress, and discomfort, all to her damage in

13  an amount in excess of the minimum jurisdiction of this court, the

14  precise amount of which will be proven at trial.

15     43.  Defendants FOLLETT, SCHMALHOEFER, RANCE, and LOCHTEFELD,

16  and DOES 1 through 25, inclusive, and each of them, committed the

17  acts herein alleged maliciously, fraudulently, and oppressively,

18  with the wrongful intention of injuring plaintiff, and acted with an

19  improper and evil motive amounting to malice, and in conscious

20  disregard of plaintiff's rights.  The acts taken towards plaintiff

21  were carried out by principals or managerial employees acting in a

22  despicable, deliberate, cold, callous and intentional manner in

23  order to injure and damage plaintiff, thereby entitling plaintiff to

24  recover punitive damages from defendants in an amount according to

25  proof.

26     44.  Plaintiff has been required to retain legal services to

27  prosecute this action and is entitled, pursuant to Government Code

28  §12965(b) to an award of reasonable attorney's fees and costs.

JUN-16-1997  13:55          ARCIA, EMMONS & MARANGA          818 380 0028   P.30/69

MAR-04-97 TUE 11:54 ■  4 NATIONAL UNIV S.D.   619  47384              P.15

1    WHEREFORE, plaintiff requests relief as hereinafter provided.

2                       FOURTH CAUSE OF ACTION

3                       (Age Discrimination)

4         45.   The allegations of paragraphs 1 through 8, paragraphs 10

5    through 19, paragraphs 21 through 23, and paragraphs 25 through 44,

6    inclusive, are incorporated by reference and realleged as though set

7    forth in full.

8         46.   Plaintiff was born on March 31, 1945, making her fifty-one

9    years old at the time of her demotion.

10        47.   Plaintiff's demotion, cut in pay, and harassment was

11   unjust in that it was based, in whole or in part, upon her age in

12   violation of Government Code §12941(a).

13        48.   At all times herein mentioned, Government Code §12941(a)

14   was binding upon defendants and required them to refrain from

15   discriminating against plaintiff on the basis of her age.   On

16   December 6, 1996, plaintiff filed a complaint with the Department of

17   Fair Employment and Housing, alleging discrimination based on age.

18   A "Right to Sue" letter was obtained from the Department on December

19   6, 1996, and is attached hereto as exhibit (A).

20        49.   As  a  direct,  foreseeable  and  proximate  result  of

21   defendants' demotion of plaintiff in violation of public policy,

22   plaintiff has suffered and continues to suffer substantial losses in

23   earnings and job benefits, and has suffered and continues to suffer

24   humiliation, embarrassment, mental and emotional distress, and

25   discomfort, all to her damage in an amount in excess of the minimum

26   jurisdiction of this court, the precise amount of which will be

27   proven at trial.

28        50.   Defendants FOLLETT, SCHMALHOEFER, RANCE, and LOCHTEFELD,

02/16/20

MAR 10 '97  05:00PM LIBERTY MUTUAL ITASCA IL

1   and DOES 1 through 25, inclusive, and each of them, committed the

2   acts herein alleged maliciously, fraudulently, and oppressively,

3   with the wrongful intention of injuring plaintiff, and acted with an

4   improper and evil motive amounting to malice, and in conscious

5   disregard of plaintiff's rights.  The acts taken towards plaintiff

6   were carried out by principals or managerial employees acting in a

7   despicable, deliberate, cold, callous and intentional manner in

8   order to injure and damage plaintiff, thereby entitling plaintiff to

9   recover punitive damages from defendants in an amount according to

10   proof.

11      51.  Plaintiff has been required to retain legal services to

12   prosecute this action and is entitled, pursuant to Government Code

13   §12965(b) to an award of reasonable attorney's fees and costs.

14      WHEREFORE, plaintiff requests relief as hereinafter provided.

15                 FIFTH CAUSE OF ACTION

16         (Intentional Infliction of Emotional Distress)

17      52.  The allegations of paragraphs 1 through 8, paragraphs 10

18   through 19, paragraphs 21 through 23, paragraphs 25 through 44, and

19   paragraphs 46 through 51, inclusive, are incorporated by reference

20   and realleged as though set forth in full.

21      53.  Defendants FOLLETT, SCHMALHOEFER, RANCE, and LOCHTEFELD,

22   and DOES 1 through 25, inclusive, and each of them, acting on their

23   own and through agents and employees, engaged in the acts heretofore

24   described deliberately and intentionally in order to cause plaintiff

25   severe emotional distress.  Alternatively, plaintiff alleges that

26   such conduct was done in reckless disregard of the probability of

27   said conduct causing her severe emotional distress.

28      54. The foregoing conduct did, in fact, cause plaintiff to

1   suffer severe emotional distress.  As a proximate result of said

2   conduct, plaintiff suffered embarrassment, anxiety, humiliation and

3   emotional distress, and will continue to suffer said emotional

4   distress, including, but not limited to, headaches, trouble

5   sleeping, lost appetite, crying, and loss of self esteem, all to her

6   damage in an amount in excess of the minimum jurisdiction of this

7   court, the precise amount of which will be proven at the time of

8   trial.

9       55.   Defendants FOLLETT, SCHMALHOEFER, RANCE, and LOCHTEFELD,

10  and DOES 1 through 25, inclusive, and each of them, committed the

11  acts herein alleged maliciously, fraudulently, and oppressively,

12  with the wrongful intention of injuring plaintiff, and acted with an

13  improper and evil motive amounting to malice, and in conscious

14  disregard of plaintiff's rights.  The acts taken towards plaintiff

15  were carried out by principals or managerial employees acting in a

16  despicable, deliberate, cold, callous and intentional manner in

17  order to injure and damage plaintiff, thereby entitling plaintiff to

18  recover punitive damages from defendants in an amount according to

19  proof.

20      WHEREFORE, plaintiff requests relief as hereinafter provided.

21                      SIXTH CAUSE OF ACTION

22             (Negligent Infliction of Emotional Distress)

23      56.   The allegations of paragraphs 1 through 8, paragraphs 10

24  through 19, paragraphs 21 through 23, paragraphs 25 through 44,

25  paragraphs 46 through 51, and paragraphs 53 through 55, inclusive,

26  are incorporated by reference and realleged as though set forth in

27  full.

28      57.   Defendants knew, or reasonably should have known, that

                                14

JUN-16-1997  13:57        ARCIA,EMMONS & MARANGA        818 380 0028   P.33/69
MAR-04-97 TUE 11:56 : :4 NATIONAL UNIV S.D.   611 147304           P.18

1   their failure to exercise due care in performing the terms and

2   conditions of the employment contract or in meeting the requirements

3   of California Government Code § 12940 et seq. would cause plaintiff

4   severe emotional distress.

5          58.   As a proximate result of defendants' conduct and the

6   consequences proximately caused by it, as hereinabove described,

7   plaintiff suffered severe emotional distress and mental suffering,

8   all to her damage in an amount greater than the jurisdictional

9   minimum of this court, the precise amount to be proven at trial.

10         WHEREFORE, plaintiff prays for judgment against Defendants

11   FOLLETT, SCHMALHOEFER, RANCE, and LOCHTEFELD, and DOES 1 through 25,

12   inclusive,  and each of them, as follows:

13                    FIRST AND SECOND CAUSES OF ACTION

14         1.   For damages for breach of the implied employment contract

15   and covenant of good faith and fair dealing, including, without

16   limitation, losses in earnings, bonuses, deferred compensation,

17   other employment benefits and expenses incurred in obtaining

18   substitute employment, all according to proof;

19              THIRD, FOURTH, FIFTH AND SIXTH CAUSES OF ACTION

20         1.   For general damages for emotional distress and mental

21   suffering according to proof;

22         2.   For compensatory damages including, without limitation,

23   lost wages, lost employment benefits, bonuses, vacation benefits and

24   other special damages according to proof;

25         3.   For prejudgment interest at the legal rate; and,

26   ////

27   ////

28   ////

JUN-16-1997  13:57        GARCIA, EMMONS & MARANGA                 818 380 0028    P.34/69

1              THIRD and FOURTH CAUSES OF ACTION

2        1.    For attorneys fees;

3              THIRD, FOURTH and FIFTH CAUSES OF ACTION

4        1.    For an award of punitive damages in an amount according to

5    proof; and,

6              ALL CAUSES OF ACTION

7        1.    For costs of suit incurred herein; and

8        2.    For such other and further relief as the court deems just

9    and proper.

10

11   Date:  February 25, 1997          By: _____
                                            Patrick F. O'Connor
12                                          Attorney for plaintiff
                                            Kathleen T. Jessen
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JUN-16-1997  13:58        GARCIA,EMMONS & MARANGA           818 380 0028    P.35/69

**EXHIBIT B**

JUN-16-1997  13:58        ARCIA, EMMONS & MARANGA                818 380 0028   P.36/69

PATRICK F. O'CONNOR, (State Bar No. 057923)
5464 Grossmont Center Drive, Third Floor
La Mesa, California 91942
(619) 463-4284

Attorney for Plaintiff
Kathleen T. Jessen

MAY 1  1997

RAW4

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | | |
|---|---|---|
| KATHLEEN T. JESSEN | ) | CASE NO. 708379 |
| Plaintiff, | ) ) | FIRST AMENDED COMPLAINT FOR DAMAGES BASED UPON: |
| v. | ) ) | 1. BREACH OF CONTRACT |
| | ) | 2. SEX DISCRIMINATION - GENDER |
| | ) | [Gov.Code § 12940(a)] |
| | ) | 3. AGE DISCRIMINATION |
| | ) | [Gov. Code §12941(a)] |
| FOLLETT COLLEGE STORES CORPORATION, an Illinois Corporation, and DOES 1 through 25, inclusive, | ) ) ) ) | 4. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; |
| | ) | 5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; |
| Defendants. | ) ) | 6. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS |
| | ) ) | JURY TRIAL DEMANDED |
| | ) ) | Judge Herbert B. Hoffman Dept: 37 |

Plaintiff KATHLEEN T. JESSEN ("PLAINTIFF" or "JESSEN") alleges as follows:

### FACTS COMMON TO ALL CAUSES OF ACTION

1.   Plaintiff is and at all relevant times has been a resident of the County of San Diego, California.  At the time of the filing of this lawsuit, plaintiff had been employed as Textbook Manager at the National University branch of Follett College Stores Corporation

1  in San Diego County, California.

2      2.   Plaintiff is informed and believes and on that basis

3  alleges that defendant Follett College Stores Corporation, an

4  Illinois corporation, (hereinafter referred to as "FOLLETT") is

5  qualified to do business in the State of California, and is doing

6  business in the County of San Diego at various locations.

7      3.   Plaintiff is informed and believes and on that basis

8  alleges that Paul Schmalhoefer ("SCHMALHOEFER"), an individual, is

9  and at all relevant times was an individual and the Zone Manager for

10  FOLLETT.

11      4.   Plaintiff is informed and believes and on that basis

12  alleges that Christine Rance ("RANCE"), an individual, is and at all

13  relevant times was an individual and the Regional Manager of

14  FOLLETT.

15      5.   Plaintiff is informed and believes and on that basis

16  alleges that Peter LOCHTEFELD ("LOCHTEFELD"), an individual, is and

17  at all relevant times was an individual and the General Manager of

18  the National University Bookstores, San Diego County, and is

19  residing in San Diego County, California.

20      6.   The true names and capacities of the defendants named in

21  this Complaint as DOES 1 through 25, inclusive, whether individual,

22  corporate, associate or otherwise, are unknown to plaintiff who

23  therefore sues such defendants by said fictitious names pursuant to

24  California Code of Civil Procedure §474.  Plaintiff will amend this

25  complaint to allege such true names and capacities when the same

26  have been ascertained.  Plaintiff is informed and believes and on

27  that basis alleges that each of the fictitiously named defendants is

28  in some manner responsible to plaintiff based on the facts alleged

2

1  in this Complaint.

2      7.   Plaintiff is informed and believes and on that basis

3  alleges that at all relevant times, each of the defendants was the

4  agent, employee, representative or supervisor of the remaining

5  defendants and acted at least in part within the course and scope of

6  such relationship.

7      8.   The employment contract upon which plaintiff sues was made

8  in the County of San Diego, State of California, and was to be

9  performed in the County of San Diego, California.

10                      *FIRST CAUSE OF ACTION*

11                      (Breach of Contract)

12      9.   The allegations of paragraphs 1 through 8, inclusive, are

13  incorporated by reference and realleged as though set forth in full.

14      10.  Plaintiff was originally hired in 1975 by National

15  University, San Diego, California, to manage its bookstores

16  statewide.  Plaintiff continued in this employment until 1988 when

17  defendant FOLLETT leased the store.  From 1988 to 1995, plaintiff

18  was the Manager of the National University Bookstore in San Diego.

19      11.  In 1995, defendant FOLLETT, and DOES 1 through 25,

20  inclusive, asked plaintiff to manage all of the bookstores of

21  National University statewide.  This she did until July 1, 1996,

22  when she was replaced by LOCHTEFELD, a forty-one year old male.  His

23  position as regional manager was filled by RANCE, a 29 year old

24  female.

25      12.  In terms of length of employment, defendants FOLLETT, and

26  DOES 1 through 25, inclusive, consider her to be a twenty-one year

27  employee of FOLLETT.

28      13.  In 1995, when FOLLETT's contract with National University

                              3

1   was coming to an end, the Vice President of Finance for National

2   University told plaintiff it was up to her to choose the company

3   that would run the National University bookstores.  Plaintiff, by

4   this time a twenty-year employee of FOLLETT, selected FOLLETT.

5        14.  During the entire course of plaintiff's employment, there

6   existed both an express and an implied in fact employment contract

7   between plaintiff and defendants which, at the time this lawsuit was

8   filed,  included,  without  limitation,  the  following  terms  and

9   conditions:

10            a.   plaintiff would be able to continue her employment

11  with defendant FOLLETT, and DOES 1 through 25, indefinitely so long

12  as she carried out her duties in a proper and competent manner;

13            b.   plaintiff  would  not  be  demoted,  discharged  or

14  otherwise  disciplined  nor  would  plaintiff's  job  functions  be

15  reassigned for other than good cause with notice thereof;

16            c.   defendants FOLLETT, and DOES 1 through 25, inclusive,

17  would not evaluate plaintiff's performance in an arbitrary, untrue

18  or capricious manner;

19            d.   plaintiff  would  not  be  subjected  to  gender

20  discrimination;

21            e.   plaintiff  would  not  be  subjected  to  age

22  discrimination;

23            f.   plaintiff would not be subjected to actions or

24  conduct  designed  to  humiliate  her,  criticize  her,  contrive  a

25  disciplinary termination, and/or attempt to force her to resign.

26       15.  This  employment  contract  was  evidenced  by  various

27  documents and by oral representations to plaintiff by defendants

28  FOLLETT and DOES 1 through 25, inclusive, and the parties' entire

4

1   course of conduct including, without limitation, the following:

2          a.   that in 1988, when FOLLETT took over management of the

3   National University bookstore, plaintiff was made Manager of the San

4   Diego Bookstore;

5          b.   that in 1995 plaintiff was asked to and did manage

6   all of the California National University bookstores and was

7   promoted to Regional Manager;

8          c.   that plaintiff received commendations for sales and

9   for her work;

10         d.   that plaintiff was given a bonus of $16,000 in 1996;

11   and,

12         e.   that plaintiff was given a raise.

13      16.   Plaintiff's reliance on and belief in and acceptance in

14   good faith of all the assurances, promises and representations as

15   listed in paragraph 15 above led plaintiff throughout her employment

16   with defendants FOLLETT, and DOES 1 through 25, inclusive, to

17   reasonably believe that her employment was secure and that there

18   consequently existed a contract of continuous employment with

19   FOLLETT, and DOES 1 through 25, inclusive.

20      17.   Plaintiff duly performed all the conditions of the

21   contract to be performed by her.  Plaintiff has at all times been

22   ready, willing and able to perform and has offered to perform all

23   the conditions of this contract to be performed by her.

24      18.   Despite the representations made to plaintiff and the

25   reliance she placed on them, defendants FOLLETT, and DOES 1 through

26   25, inclusive, failed to carry out their responsibilities under the

27   terms of the employment contract in the following ways:

28

5

1          a.   by wrongfully demoting plaintiff on or about July 1,

2     1996, in spite of satisfactory job performance;

3          b.   by wrongfully reducing her wages from $20.94 an hour

4     to $15.67 an hour, a deduction of $421.60 per pay period;

5          c.   by depriving her of the opportunity to earn the store

6     manager bonus;

7          d.   by subjecting plaintiff to sex discrimination as

8     hereafter described; and

9          e.   by subjecting plaintiff to age discrimination as

10    hereinafter described.

11         19.  As a proximate result of the breach by defendants FOLLETT,

12    and DOES 1 through 25, inclusive, of the employment contract,

13    plaintiff has suffered and continues to suffer substantial losses in

14    earnings, bonuses, deferred compensation and other employment

15    benefits which she would have received had defendants FOLLETT, and

16    DOES 1 through 25, inclusive, not breached said agreement, all to

17    her damage in an amount according to proof.

18         WHEREFORE, Plaintiff requests relief as hereinafter provided.

19                        SECOND CAUSE OF ACTION

20                         (Sex Discrimination)

21         20.  The allegations of paragraphs 1 through 8, paragraphs 10

22    through 19, inclusive, are incorporated by reference and realleged

23    as though set forth in full.

24         21.  When first hired by defendants in 1988 plaintiff had

25    thirteen (13) years experience managing the National University

26    bookstores.  She was hired by defendants as a store manager and was

27    later placed in charge of all National University bookstores as

28    General Manger.

6

22.  During the period between 1988, and July of 1996, plaintiff fulfilled her responsibility as General Manager of all the bookstores. In appreciation for her efforts, she was awarded salary increases, bonuses, and commendations in the company.

23.  As further evidence of her value to the business, in 1995 when defendants' contract with National University was ending she secured for FOLLETT a continuing contract.

24.  During the spring of 1996, LOCHTEFELD informed plaintiff that he had resigned his position as Regional Manager of FOLLETT because he was tired of the travelling.  In reality, he had received an unsatisfactory review from the Zone Manager SCHMALHOEFER.

25.  On or about July, 1996, LOCHTEFELD was placed in plaintiff's store. SCHMALHOEFER announced that LOCHTEFELD would manage all of the National University stores.  No mention was made of plaintiff in the announcement but SCHMALHOEFER then met with plaintiff and led her to believe that she would be managing the National University San Diego store.

26.  On September 10, 1996, plaintiff was informed by defendants FOLLETT and DOES 1 through 25, and each of them, that she was demoted to Textbook Manager.

27.  On October 3, 1996, plaintiff was informed that her salary had been drastically cut. She also learned that LOCHTEFELD's salary had been rated so that he would be making nearer to what she had earned, with bonus.  She also learned that with her unlawful demotion she would no longer be eligible for the size bonus ($16,000) she had just earned.

28.  Following her demotion she quickly received a "corrective action" from LOCHTEFELD on October 11, 1996.  On November 8, 1996,

7

1    LOCHTEFELD again gave her a "corrective action". It was known to
2    plaintiff that three such written warnings meant she could be
3    terminated.

4        29. When LOCHTEFELD moved into the store he took over
5    plaintiff's desk and went through her files and possessions. He
6    further told her she was never again in line to become manager of
7    the store, even though he was to planning on leaving his post to
8    take a training position in 1997.

9        30. To other employees LOCHTEFELD stated that he disapproved
10   of the action he was taking against plaintiff, that he did what he
11   was doing to plaintiff because his hands were tied, and that he felt
12   "like shit" about what he was doing to plaintiff.

13       31. In 1988, after managing the National University store for
14   13 years, SCHMALHOEFER told plaintiff "It won't take me a year to
15   get rid of you." He told another employee, "She's very pretty but
16   she is not suited to the position."

17       32. Despite the fact that she was made General Manager of all
18   of the California National University bookstores in 1995, that she
19   received her best review ever in December of 1995, that she received
20   a 5% salary increase, and that she received a $16,000.00 bonus for
21   her work, she was demoted from General Manager of all of the
22   California bookstores to Textbook Manager in one store and replaced
23   by a younger male, LOCHTEFELD.

24       33. Plaintiff alleges that at another San Diego FOLLETT store,
25   a young male was demoted from his store manager position to Textbook
26   Manager but did not receive a cut in salary. LOCHTEFELD also was
27   demoted and did not take a salary cut.

28

8

34.  Plaintiff alleges that SCHMALHOEFER's daughter, in her late 20's, was hired a year ago as Bookstore Manager at the University of La Verne, and was then transferred to manage the Irvine Valley College bookstore, received a 10% salary increase which was 5% above official guidelines, and has a salary from four to five thousand dollars a year higher than plaintiff.

35.  At all relevant times, Government Code §12940(a) was in full force and effect and was binding upon defendants FOLLETT, and DOES 1 through 25, inclusive, and each of them.  Said statute requires employers such as defendants FOLLETT and DOES 1 through 25, inclusive, and managers, supervisors and co-employees, among other things, to refrain from discriminating against any employee on the basis of gender.  Within the time provided by law, plaintiff made a complaint to the California Department of Fair Employment and Housing (DFEH).  Plaintiff has now received her right-to-sue letter from the DFEH, a copy of which is attached hereto as Exhibit "A" and incorporated herein by reference.

36.  At all times during her employ with defendants FOLLETT, and DOES 1 through 25, inclusive, plaintiff performed her duties in an appropriate fashion.

37.  On or about and between the period of July, 1996, and the present, plaintiff was the direct victim of sex discrimination as a result of the previously described conduct, in violation of Government Code §12940(a).

38.  As a direct, foreseeable and proximate result of defendants' discriminatory acts, Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, and has suffered and continues to suffer humiliation, embarrassment,

9

1    mental and emotional distress, and discomfort, all to her damage in

2    an amount in excess of the minimum jurisdiction of this court, the

3    precise amount of which will be proven at trial.

4         39.   Defendants FOLLETT and DOES 1 through 25, inclusive, and

5    each of them, committed the acts herein alleged maliciously,

6    fraudulently, and oppressively, with the wrongful intention of

7    injuring plaintiff, and acted with an improper and evil motive

8    amounting to malice, and in conscious disregard of plaintiff's

9    rights.   The acts taken towards plaintiff were carried out by

10   principals or managerial employees acting in a despicable,

11   deliberate, cold, callous and intentional manner in order to injure

12   and damage plaintiff, thereby entitling plaintiff to recover

13   punitive damages from defendants in an amount according to proof.

14        40.   Plaintiff has been required to retain legal services to

15   prosecute this action and is entitled, pursuant to Government Code

16   §12965(b) to an award of reasonable attorney's fees and costs.

17        WHEREFORE, plaintiff requests relief as hereinafter provided.

18                       THIRD CAUSE OF ACTION

19                       (Age Discrimination)

20        41.   The allegations of paragraphs 1 through 8, paragraphs 10

21   through 19, and paragraphs 21 through 40, inclusive, are

22   incorporated by reference and realleged as though set forth in full.

23        42.   Plaintiff was born on March 31, 1945, making her fifty-one

24   years old at the time of her demotion.

25        43.   Plaintiff's demotion, cut in pay, and harassment was

26   unjust in that it was based, in whole or in part, upon her age in

27   violation of Government Code §12941(a).

28

                                10

1    44.  At all times herein mentioned, Government Code §12941(a)

2  was binding upon defendants and required them to refrain from

3  discriminating against plaintiff on the basis of her age.   On

4  December 6, 1996, plaintiff filed a complaint with the Department of

5  Fair Employment and Housing, alleging discrimination based on age.

6  A "Right to Sue" letter was obtained from the Department on December

7  6, 1996, and is attached hereto as exhibit (A).

8    45.  As a direct, foreseeable and proximate result of

9  defendants' demotion of plaintiff in violation of public policy,

10  plaintiff has suffered and continues to suffer substantial losses in

11  earnings and job benefits, and has suffered and continues to suffer

12  humiliation, embarrassment, mental and emotional distress, and

13  discomfort, all to her damage in an amount in excess of the minimum

14  jurisdiction of this court, the precise amount of which will be

15  proven at trial.

16    46.  Defendants FOLLETT, and DOES 1 through 25, inclusive, and

17  each of them, committed the acts herein alleged maliciously,

18  fraudulently, and oppressively, with the wrongful intention of

19  injuring plaintiff, and acted with an improper and evil motive

20  amounting to malice, and in conscious disregard of plaintiff's

21  rights.   The acts taken towards plaintiff were carried out by

22  principals or managerial employees acting in a despicable,

23  deliberate, cold, callous and intentional manner in order to injure

24  and damage plaintiff, thereby entitling plaintiff to recover

25  punitive damages from defendants in an amount according to proof.

26    47.  Plaintiff has been required to retain legal services to

27  prosecute this action and is entitled, pursuant to Government Code

28  §12965(b) to an award of reasonable attorney's fees and costs.

11

JUN-16-1997  14:05          GARCIA, EMMONS & MARANGA                818 380 0028   P.47/69

WHEREFORE, plaintiff requests relief as hereinafter provided.

### FOURTH CAUSE OF ACTION

(Breach of the Implied Covenant of
Good Faith and Fair Dealing)

48.  The allegations of paragraphs 1 through 8 and paragraphs 10 through 19, paragraphs 21 through 40, and paragraphs 42 through 47, inclusive, are incorporated by reference and realleged as though set forth in full.

49.  Implied in every employment agreement is a covenant known as the covenant of good faith and fair dealing, by which the employer promises to deal with an employee fairly and in good faith, that is, to allow the employee to perform her employment obligations to her ability and to enjoy the fruits of her labor.  By this covenant, the employer impliedly promises to not engage in, or allow others to engage in, conduct so as to prevent the employee from performing her obligations.  By this covenant, the employer also promises to treat the employee fairly and to not make decisions adverse to her based on her sex, or her age, or in an otherwise arbitrary or capricious manner.

50.  On or about and between July 1, 1996, and the present, defendants FOLLETT, and DOES 1 through 25, inclusive, and each of them, breached this covenant of good faith and fair dealing by engaging in and allowing to take place the actions described in previous and subsequent paragraphs of this complaint.

51.  As a direct, foreseeable and proximate result of defendants' breach of the implied covenant of good faith and fair dealing, plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, and has suffered and continues

12

1  to suffer humiliation, embarrassment, mental and emotional distress,

2  and discomfort, all to her damage in an amount in excess of the

3  minimum jurisdiction of this court, the precise amount of which will

4  be proven at trial.

5      WHEREFORE, plaintiff requests relief as hereinafter provided.

6                    **FIFTH CAUSE OF ACTION**

7            (Intentional Infliction of Emotional Distress)

8      52.  The allegations of paragraphs 1 through 8, paragraphs 10

9  through 19, paragraphs 21 through 40, paragraphs 42 through 47, and

10 paragraphs 49 through 51, inclusive, are incorporated by reference

11 and realleged as though set forth in full.

12     53.  Defendants FOLLETT, and DOES 1 through 25, inclusive, and

13 each of them, acting on their own and through agents and employees,

14 engaged  in  the  acts  heretofore  described  deliberately  and

15 intentionally in order to cause plaintiff severe emotional distress.

16 Alternatively, plaintiff alleges that such conduct was done in

17 reckless disregard of the probability of said conduct causing her

18 severe emotional distress.

19     54. The foregoing conduct did, in fact, cause plaintiff to

20 suffer severe emotional distress.  As a proximate result of said

21 conduct, plaintiff suffered embarrassment, anxiety, humiliation and

22 emotional distress, and will continue to suffer said emotional

23 distress,  including,  but  not  limited  to,  headaches,  trouble

24 sleeping, lost appetite, crying, and loss of self esteem, all to her

25 damage in an amount in excess of the minimum jurisdiction of this

26 court, the precise amount of which will be proven at the time of

27 trial.

28

                              13

1    55.   Defendants FOLLETT, and DOES 1 through 25, inclusive, and

2 each of them, committed the acts herein alleged maliciously,

3 fraudulently, and oppressively, with the wrongful intention of

4 injuring plaintiff, and acted with an improper and evil motive

5 amounting to malice, and in conscious disregard of plaintiff's

6 rights.   The acts taken towards plaintiff were carried out by

7 principals  or  managerial  employees  acting  in  a  despicable,

8 deliberate, cold, callous and intentional manner in order to injure

9 and  damage  plaintiff,  thereby  entitling  plaintiff  to  recover

10 punitive damages from defendants in an amount according to proof.

11    WHEREFORE, plaintiff requests relief as hereinafter provided.

12                      SIXTH CAUSE OF ACTION

13               (Negligent Infliction of Emotional Distress)

14    56.   The allegations of paragraphs 1 through 8, paragraphs 10

15 through 19, paragraphs 21 through 40, paragraphs 42 through 47, and

16 paragraphs 49 through 51, inclusive, are incorporated by reference

17 and realleged as though set forth in full.

18    57.   Defendants knew, or reasonably should have known, that

19 their failure to exercise due care in performing the terms and

20 conditions of the employment contract or in meeting the requirements

21 of California Government Code § 12940 et seq. would cause plaintiff

22 severe emotional distress.

23    58.   As a proximate result of defendants' conduct and the

24 consequences proximately caused by it, as hereinabove described,

25 plaintiff suffered severe emotional distress and mental suffering,

26 all to her damage in an amount greater than the jurisdictional

27 minimum of this court, the precise amount to be proven at trial.

28

14

**EXHIBIT A**

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

PETE WILSON, Governor

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
110 West "C" Street, #1702, San Diego, CA 92101-3901
(619) 645-2681   TDD (213) 897-2840   FAX (619) 645-2683



December 6, 1996

KATHLEEN T. JESSEN
6244 Camino Largo
San Diego, CA 92120

E9697-D-0779-00asc
JESSEN/FOLLETT COLLEGE STORES

## NOTICE OF CASE CLOSURE

Dear Ms. JESSEN:

The consultant assigned to handle subject discrimination complaint which you filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed on the basis of Complainant elected court action.

Please be advised that this recommendation has been accepted and your case has been closed effective December 6, 1996.

Since the DFEH will not be pursuing an accusation in your case, you have the right to file a private lawsuit in a California Justice, Municipal or Superior court. In the event a settlement agreement was signed resolving your complaint, it is likely that you have waived your right to file a private lawsuit. If that is the case, the following paragraph does not pertain to your circumstances.

If you have not already been notified of your right to file a private lawsuit, you have one year from the date of this letter to do so. (Refer to California Government Code Section 12965(b).) This case may be referred to the U.S. Equal Employment Opportunity Commission for further investigation.

JUN-16-1997  14:07       ARCIA,EMMONS & MARANGA                818 380 0028   P.52/69

Notice of Case Closure
Page Two

You should be aware that the Department of Fair Employment and Housing does
not retain case files beyond three years after a complaint is filed, unless the case is
still open at the end of the three-year period.

Sincerely,

Gaspar Oliveira
District Administrator

cc:   File

Director
Personnel/Human Resources
FOLLETT COLLEGE STORES
400 W. Grand Avenue
Elmhurst, IL 60126-0888

DFEH-200-08(06/94)

JUN-16-1997  14:08        GARCIA,EMMONS & MARANGA              818 380 0028   P.53/69

**EXHIBIT C**

TERRI L. MASSERMAN, ESQ. (SBN NO. 147815)
GARCIA, EMMONS, MARANGA & MORGENSTERN
15260 VENTURA BLVD., SUITE 1700
SHERMAN OAKS, CA 91403-5327
(818) 380-0008; (213) 877-1277

Attorneys for Defendant,
FOLLETT COLLEGE STORES CORPORATION

F I L E D
KENNETH E. MARTONE
Clerk of the Superior Court

MAY 30 1997

By: _____ Dep..


SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO


| | |
|---|---|
| KATHLEEN T. JESSEN,<br><br>    Plaintiff,<br><br>vs.<br><br>FOLLETT COLLEGE STORES CORPORATION, an Illinois corporation, and DOES 1 through 25, inclusive,<br><br>    Defendants. | CASE NO. 00708379<br><br>FOLLETT COLLEGE STORES CORPORATION'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |


COMES NOW, defendant, FOLLETT COLLEGE STORES CORPORATION, an Illinois corporation, and answer plaintiff's complaint for damages except for the Fifth Cause of Action, (plaintiff having voluntarily dismissed that clam without prejudice) as follows:

1.   Pursuant to the provisions of Section 431.30 of the California Code of Civil Procedure, defendant denies generally and specifically each and every allegation contained in plaintiff's unverified complaint and denies that plaintiff has sustained damages in any sum or sums alleged, or any other sum, or at all, by reason of he act, breach or omission by defendants.

1

JUN-16-1997  14:09       RCIA, EMMONS & MARANGA            818 380 0028   P.55/69

### FIRST SEPARATE DEFENSE

2.   The complaint and each and every alleged cause of action fails to state facts sufficient to constitute a cause of action against this answering defendant.

### SECOND AFFIRMATIVE DEFENSE

3.   This answering defendant is informed and believes and on that basis alleges plaintiff has failed to mitigate any damages plaintiff alleges she has suffered and further alleges that to the extent any damages would have been mitigated, such sums should be deducted from the alleged damages.

### THIRD SEPARATE DEFENSE

4.   Plaintiff's exclusive remedy, if any, is the California Fair Employment and Housing Act.

### FOURTH SEPARATE DEFENSE

5.   This answering defendant is informed and believe that plaintiff has failed to exhaust her administrative remedies.

### FIFTH SEPARATE DEFENSE

6.   Portions of plaintiff's complaint, if not all, are barred because plaintiff's exclusive remedy, if any, is the Workers' Compensation Act.

### SIXTH SEPARATE DEFENSE

7.   The individual defendants are immune from liability pursuant to the manager's immunity.

### SEVENTH SEPARATE DEFENSE

8.   There was no unlawful discrimination or unlawful denial of benefits.

### EIGHTH SEPARATE DEFENSE

9.   That the damages, if any, sustained by plaintiff were

2

1  sustained, in whole or in part, as a direct and proximate result of
2  plaintiff's own conduct, and if plaintiff recovers any sum or sums
3  whatsoever herein, such amount or amounts should and must be reduced
4  in proportion to the extent of plaintiff's own conduct which
5  proximately caused in whole or in part, plaintiff's claimed injuries
6  and damages, and if there is a judgment in favor of said plaintiff
7  and against this answering defendant, this answering defendant may
8  be entitled to partial indemnification on a comparative fault basis.

9                        **NINTH SEPARATE DEFENSE**

10      10.  Pursuant to California Civil Code section 3294, plaintiff
11  is not entitled to recovery punitive damages against this answering
12  defendant.

13                     **TENTH AFFIRMATIVE DEFENSE**

14      11.  All  actions  taken  were  an  exercise  of  managerial
15  discretion and/or legitimate business judgment.

16                     **ELEVENTH SEPARATE DEFENSE**

17      12.  Plaintiff is estopped from asserting any claim against
18  defendant by virtue of her own conduct.

19                     **TWELFTH SEPARATE DEFENSE**

20      13.  There was no intent to discriminate or to cause emotional
21  distress.

22                    **THIRTEENTH SEPARATE DEFENSE**

23      14.  Plaintiff was not discriminated against on the basis of
24  sex or otherwise.

25                   **FOURTEENTH SEPARATE DEFENSE**

26      15.  Plaintiff  is  barred  from  recovery  pursuant  to  the
27  provisions of Labor Code sections                            2854,
28  2856, 2857, 2858, and 2859.

                              3

## FIFTEENTH SEPARATE DEFENSE

16.   This answering defendant is informed and believes that plaintiff did not suffer any severe emotional distress.

## SIXTEENTH SEPARATE DEFENSE

17.   The conduct complained of by plaintiff was not severe or pervasive.

## SEVENTEENTH SEPARATE DEFENSE

18.   There were no malicious, fraudulent or oppressive acts by this answering defendant.

## EIGHTEENTH SEPARATE DEFENSE

19.   There were no despicable acts by defendants.

WHEREFORE, defendant, FOLLETT COLLEGE STORES CORPORATION, prays as follows:

1.   That plaintiff take nothing by her complaint;

2.   That judgment be in favor of defendants;

3.   For attorney's fees;

4.   That defendant recovers its costs of action herein expended; and

5.   For such other relief as the court may deem proper.

DATED: May 28, 1997        GARCIA, EMMONS, MARANGA & MORGENSTERN
                           A Professional Law Corporation


                           By: _____
                               TERRI L. MASSERMAN
                           Attorneys for Defendant
                           FOLLETT COLLEGE STORES CORPORATION

st\jedesn\answint.omp

4

JUN-16-1997  14:11        GARCIA, EMMONS & MARANGA          818 380 0028   P.58/69

KENNETH E. MARI
Clark of the Superi...

**PROOF OF SERVICE - 1013A, 2015.5 C.C.P.**

MAY 3 0 1997

By: _____

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 15260 Ventura Boulevard, Suite 1700, Sherman Oaks, California 91403-5327.

On today's date, I served the foregoing document described as: FOLLETT COLLEGE STORES CORPORATION'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT on the interested parties in this action by placing true copies thereof enclosed in (a) sealed envelope(s) as follows:

PATRICK F. O'CONNOR, ESQ.
5464 Grossmont Center Drive
Third Floor
La Mesa, CA 91942

I caused such envelope to be deposited in the mail at Sherman Oaks, California, with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence with the U.S. Postal Service on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on   5/30   , 1997, at Sherman Oaks, California.

Susan Tarbouche

5

**EXHIBIT D**

1 | TERRI L. MASSERMAN, ESQ. (SBN 147815)
ROBERT A. MORGENSTERN, ESQ. (SBN 94180)
2 | GARCIA, EMMONS, MARANGA & MORGENSTERN
A Professional Law Corporation
3 | 15260 Ventura Boulevard, Suite 1700
Sherman Oaks, California 91403-5327
4 | (818) 380-0008; (818) 380-0028 Fax

5 | Attorneys for Defendant,
FOLLETT COLLEGE STORES CORPORATION

6

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF SAN DIEGO

10

11 | KATHLEEN T. JESSEN                    )    CASE NO. 00708379
                                        )
12 |                      Plaintiff,     )    NOTICE OF REMOVAL
                                        )    TO UNITED STATES DISTRICT COURT
13 |       v.                            )
                                        )
14 | FOLLETT COLLEGE STORES              )
CORPORATION, an Illinois               )
15 | corporation, and DOES 1            )
through 25, inclusive,                 )
16 |                                     )
                     Defendants.        )
17 | _____)

18

19 | TO PLAINTIFF KATHLEEN JESSEN AND TO HER ATTORNEYS OF RECORD:

20

21 |       YOU AND EACH OF YOU WILL PLEASE TAKE NOTICE that Defendant

22 | FOLLETT COLLEGE STORES CORPORATION has removed the above-entitled

23 | action to the United States District Court for the Southern

24 | District of California. Attached hereto as Exhibit "A" is a copy

25 | of the Notice of Removal, the original of which has been filed with

26

27 | ///

28 | ///

1  the United States District Court for the Southern District of

2  California.

3

4  DATED:  June 16, 1997              GARCIA, EMMONS, MARANGA & MORGENSTERN
                                      A Professional Law Corporation
5

6                                     By _____
                                           TERRI L. MASSERMAN
7                                     Attorneys for Defendant,
                                      FOLLETT COLLEGE STORES CORPORATION
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JUN-16-1997  14:45        GARCIA,EMMONS & MARANGA                818 380 0028   P.01/08

**EXHIBIT A**

JUN-16-1997  14:46          GARCIA,EMMONS & MARANGA                818 380 0028    P.02/08

1  TERRI L. MASSERMAN, ESQ. (SBN 147815)
   ROBERT A. MORGENSTERN, ESQ. (SBN 94180)
2  GARCIA, EMMONS, MARANGA & MORGENSTERN
   A Professional Law Corporation
3  15260 Ventura Boulevard, Suite 1700
   Sherman Oaks, California 91403-5327
4  (818) 380-0008; (818) 380-0028 Fax

5  Attorneys for Defendant,
   FOLLETT COLLEGE STORES CORPORATION
6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11 KATHLEEN T. JESSEN              )    CASE NO. _____
                                   )
12              Plaintiff,         )    NOTICE OF REMOVAL
                                   )    OF CIVIL ACTION
13     v.                          )
                                   )    (DIVERSITY OF CITIZENSHIP)
14 FOLLETT COLLEGE STORES          )
   CORPORATION, an Illinois        )    [28 U.S. Code Section 1441(a)]
15 corporation, and DOES 1         )
   through 25, inclusive,          )
16                                 )
                Defendants.        )
17 _____  )

18 TO PLAINTIFF AND TO HER ATTORNEYS OF RECORD:

19

20      Defendant FOLLETT COLLEGE STORES CORPORATION (hereinafter

21 "FOLLETT") hereby serves notice of its removal of the above-

22 entitled action to the United States District Court for the

23 Southern District of California from the San Diego County Superior

24 Court, State of California, and respectfully avers:

25

26 ///

27 ///

28

                                1

## PLEADINGS AND PROCEEDINGS TO DATE

1. On or about February 26, 1997, an action was commenced against Defendant in the San Diego County Superior Court, State of California, entitled <u>Kathleen T. Jessen, Plaintiff v. Follett College Stores Corporation, an Illinois Corporation; Paul Schmalhoefer, an individual; Christine Rance, an individual; Peter Lochtefeld, an individual; and DOES 1 through 25, inclusive</u>, under Case No.: 00708379 by the filing of a Summons and Complaint, a copy of which is attached hereto marked Exhibit "A".

2. On March 4, 1997, a copy of the Summons and Complaint was first served upon Defendant FOLLETT. Defendant FOLLETT is informed and believes that there has been no service of process upon DOES 1 through 25.

3. On May 2, 1997, in the San Diego Superior Court, the Honorable Herbert B. Hoffman, Judge presiding in Department 37, sustained Defendant's Demurrer as to each of the individual Defendants pursuant to California <u>Code of Civil Procedure</u> §430.10(e) based on California case authority set forth in <u>Jankin v. G. M. Hughes Electronics</u> 46 Cal.App.4th 55; 53 Cal.Rptr.2d 741.

4. On May 19, 1997 a copy of plaintiff's First Amended Complaint for Damages against FOLLETT COLLEGE STORES CORPORATION, an Illinois Corporation, and DOES 1 through 25, inclusive was received by Defendant FOLLETT, a copy of which is attached hereto

2

1   marked Exhibit "B".

2

3      5.   On May 30, 1997, Defendant FOLLETT filed and served its

4   Answer to Plaintiff's First Amended Complaint, a copy of which is

5   attached hereto marked Exhibit "C".

6

7      6.   On June 16, 1997, Defendant FOLLETT filed and served a

8   Notice of Removal to United States District Court, a copy of which

9   is attached hereto marked Exhibit "D".

10

11      7.   The foregoing Summons and Complaint, First Amended

12   Complaint, Answer to First Amended Complaint, and Notices attached

13   hereto as Exhibits "A" through "D" constitute all the process,

14   pleadings and order served upon Defendant in the action to date.

15

16                  **GROUNDS FOR REMOVAL**

17      8.   This is a suit of a wholly civil nature brought in a

18   California Court.   The action is pending in San Diego County,

19   California and, accordingly, under 28 U.S. Code Section 84(c) and

20   1441(a), the United States District Court for the Central District

21   of California is the proper forum for the removal.

22

23          **DIVERSITY OF CITIZENSHIP JURISDICTION**

24      9.   Defendant FOLLETT is informed and believes that Plaintiff

25   KATHLEEN T. JESSEN is, and at all times relevant was, a resident of

26   San Diego County, California and is, therefore, a citizen of

27   California.   Defendant FOLLETT is, and all times relevant was, a

28

1   corporation duly organized and existing under the laws of the State

2   of Illinois with its principal place of business located in the

3   City of River Grove, Illinois and is, therefore, a citizen of

4   Illinois.  Defendant is also informed and believes that additional

5   Defendants, DOES 1 through 25, have not been served with Summons

6   and Complaint and have not appeared in the action.   Defendant

7   FOLLETT is informed and believes the amount in controversy exceeds

8   $50,000.00 exclusive of interest and costs.  Accordingly, Defendant

9   FOLLETT is informed and believes that there is proper jurisdiction

10  based upon diversity of citizenship pursuant to Title 28 U.S. Code

11  Section 1441(a).

12

13      WHEREFORE, Defendant prays that the above action now pending

14  in the San Diego County Superior Court, State of California, Case

15  No. 00708379, be removed from that Court to the United States

16  District Court.

17

18  DATED:  June 16, 1997            GARCIA, EMMONS, MARANGA & MORGENSTERN
                                     A Professional Law Corporation
19

20                                   By_____
21                                      TERRI L. MASSERMAN
                                     Attorneys for Defendant,
22                                   FOLLETT COLLEGE STORES CORPORATION

23

24

25

26

27

28

                                4

PROOF OF SERVICE

STATE OF CALIFORNIA          )
                            )  ss.
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 15260 Ventura Boulevard, Suite 1700, Sherman Oaks, California 91403.

On June 16, 1997, I served the forgoing document described as NOTICE OF REMOVAL OF CIVIL ACTION on the interested parties in this action as follows:

PATRICK F. O'CONNOR, ESQ.
5464 Grossmont Center Drive
Third Floor
La Mesa, CA 91942

__x__    By placing a true copy thereof enclosed in a sealed envelope. I am "readily familiar" with the firm's practice of collection and processing of mailing. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Sherman Oaks, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after the day of deposit for mailing an affidavit.

_____    By Telefax. I forwarded such document by telefax to the offices of the addressee(s).

_____    By Personal Service. I delivered such envelope by hand to the addressee(s).

_____    By Overnight Courier. I caused the above referenced document to be delivered to an overnight courier service for delivery to the above addressee(s).

Executed on June 16, 1997, at Sherman Oaks, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Michelle L. West_
MICHELLE L. WEST

PROOF OF SERVICE

STATE OF CALIFORNIA          )
                            ) ss.
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 15260 Ventura Boulevard, Suite 1700, Sherman Oaks, California 91403.

On June 16, 1997, I served the forgoing document described as NOTICE OF REMOVAL OF CIVIL ACTION on the interested parties in this action as follows:

PATRICK F. O'CONNOR, ESQ.
5464 Grossmont Center Drive
Third Floor
La Mesa, CA 91942


__X___   By placing a true copy thereof enclosed in a sealed envelope.  I am "readily familiar" with the firm's practice of collection and processing of mailing.  Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Sherman Oaks, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after the day of deposit for mailing an affidavit.

_____   By Telefax.  I forwarded such document by telefax to the offices of the addressee(s).

_____   By Personal Service.  I delivered such envelope by hand to the addressee(s).

_____   By Overnight Courier.  I caused the above referenced document to be delivered to an overnight courier service for delivery to the above addressee(s).

Executed on June 16, 1997, at Sherman Oaks, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Michelle L West_____
MICHELLE L. WEST

PROOF OF SERVICE

STATE OF CALIFORNIA        )
                           ) ss.
COUNTY OF LOS ANGELES      )

   I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 15260 Ventura Boulevard, Suite 1700, Sherman Oaks, California 91403.

   On June 16, 1997, I served the forgoing document described as NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT on the interested parties in this action as follows:

   PATRICK F. O'CONNOR, ESQ.
   5464 Grossmont Center Drive
   Third Floor
   La Mesa, CA 91942

   __x__   By placing a true copy thereof enclosed in a sealed envelope. I am "readily familiar" with the firm's practice of collection and processing of mailing. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Sherman Oaks, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after the day of deposit for mailing an affidavit.

   _____   By Telefax. I forwarded such document by telefax to the offices of the addressee(s).

   _____   By Personal Service. I delivered such envelope by hand to the addressee(s).

   _____   By Overnight Courier. I caused the above referenced document to be delivered to an overnight courier service for delivery to the above addressee(s).

   Executed on June 16, 1997, at Sherman Oaks, California.

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                              _Michelle L. West_
                              MICHELLE L. WEST

JS44
(Rev. 07/89)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| KATHLEEN T. JESSEN | FOLLETT COLLEGE STORES CORPORATION, DOES 1 THROUGH 25 |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    San Diego (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    River Grove (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN)  '97 CV 1154 IEG (CGA) |
|---|---|
| PATRICK F. O'CONNOR, ESQ. 5464 Grossmont Ctr. Dr. 3d Fl La Mesa, CA 91942 | TERRI L. MASSERMAN, ESQ. 15260 Ventura Blvd., #1700 Sherman Oaks, CA 91403-5327 |

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

Diversity of Citizenship 28:1441

FILED
JAN 17 1997
CLERK, U.S. DISTRICT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent ☐ 840 Trademark | ☐ 460 Deportation ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | ☐ 950 Constitutionality of State |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☐ 1 Original Proceeding   ☒ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.r.c.p. 23   DEMAND $   Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   JUDGE _____   Docket Number _____

| DATE  6/16/97  #308920  $150 | SIGNATURE OF ATTORNEY OF RECORD  Terri Masserman |
|---|---|